IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:18CR134

ALI COUSINS, JR.,

**MEMORANDUM OPINION**

Ali Cousins, Jr., a federal inmate proceeding pro se, filed a MOTION UNDER U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE wherein he raised several claims challenging his guilty plea and argues that he received ineffective assistance of counsel in conjunction with that plea. ("§ 2255 Motion," ECF No. 56, at 1-8.)[1] After further briefing, see Part I, the Government argues that Cousins's § 2255 Motion is untimely. (ECF No. 65.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

On November 8, 2018, a grand jury charged Cousins with Hobbs Act robbery (Count One) and use of a firearm by brandishing during and in relation to a crime of violence (Count Two). (ECF No. 9.) On December 20, 2018, the Government filed a Criminal Information charging Cousins with two counts of Hobbs Act robbery (Counts One

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation and omits the emphasis in the quotations from Cousins's submissions.

and Three) and use of a firearm by brandishing during and in relation to a crime of violence (Count Two). (ECF No. 14.) On December 21, 2018, Cousins waived indictment and pled guilty to Counts One, Two, and Three of the Criminal Information. (ECF No. 18 ¶ 1.) On August 2, 2019, the Court entered judgment against Cousins and sentenced him to 188 months of incarceration. (ECF No. 48, at 1-2.) Cousins did not appeal.

On August 2, 2021, Cousins placed the present § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 56, at 12.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Cousins raises the following claims for relief:

Claim One: "Cousins received ineffective assistance of counsel in violation of his Sixth Amendment rights" because "defense counsel 'coerced' him into pleading guilty as a direct result of her unpreparedness for a jury trial." (ECF No. 56, at 4.)

Claim Two: Cousins's guilty plea was involuntary because "[n]othing in Cousin's indictment or Rule 11 plea hearing informed Cousins that brandishing requires intent to intimidate." (Id. at 5.)

Claim Three: "The United States District Court failed to ensure that there was an adequate factual basis to support [Cousin's] plea to the brandishing charge." (Id. at 6.)

Claim Four: The Court made a "structural error" when it "fail[ed] to inform Movant Cousins of the elements of the charge at the Rule 11 hearing." (Id. at 8.)

2

The Government initially responded and argued, inter alia, that Cousins's claims were procedurally defaulted, and "with respect to [Cousins's] claims of ineffective assistance of counsel, the claims still should be dismissed as [Cousins] has failed to file his claims within a year of final judgment in his case, and is, therefore, not timely filed." (ECF No. 59, at 6 (citation omitted).) Cousins did not file a reply. By Memorandum Order entered on June 22, 2022, the Court explained that:

> As a preliminary matter, the Court fails to discern, and the Government fails to explain, why Cousins's claims of ineffective assistance of counsel would be untimely, but the remainder of his claims are not. Cousins's claims derive entirely from the entry of his guilty plea and the Rule 11 hearing. Section 28 U.S.C. § 2255(f) provides that a "1-year period of limitation shall apply to a motion under this section," and in this instance, the Government has failed to explain why § 2255(f) applies piecemeal to certain claims and would not apply to the entire § 2255 Motion.

(ECF No. 63, at 1-2.) Because the Government had not adequately addressed the timeliness of Cousin's § 2255 Motion and had not adequately addressed Cousin's specific argument for timeliness, the Court directed the Government to submit further briefing on the impact of the statute of limitation on the § 2255 Motion. (Id. at 2.)

The Government has complied with that directive and filed the UNITED STATES' RESPONSE TO COURT'S ORDER TO FURTHER RESPOND TO PETITIONER'S MOTION FOR RELIEF UNDER TITLE 28, UNITED STATES CODE, SECTION 2255. ("Response," ECF No. 65.) ~~Despite the Court~~'s

3

directive that [was instructed to] Cousins must file any reply within thirty-five (35) days of the June 22, 2022 Memorandum Order. Cousins has not filed a reply.[2] As explained ~~Thus, it appears that Cousins is uninterested in continuing to litigate~~ this § 2255 Motion. ~~In any event, and as~~ discussed below, Cousins's § 2255 Motion is untimely.

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have

---

[2] Initially, the Court's June 22, 2022 Memorandum Order was returned to the Court by the United States Postal Service because Cousins had been relocated and he failed to keep the Court apprised of his current address. (ECF No. 64.) The Clerk updated Cousins's address to what was reflected in the Bureau of Prisons records and re-sent both the June 22, 2022 Memorandum Order and a docket sheet to Cousins at Hazelton FCI. [How does that affect reply time?]

4

> been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. Running Of The Statute Of Limitations

Because Cousins did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, August 16, 2019, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Cousins had until Monday, August 17, 2020 to file any motion under 28 U.S.C. § 2255. Because Cousins did not file his § 2255 Motion until August 2, 2021, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1). Thus, Cousins's § 2255 Motion is untimely unless he demonstrates a basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period. As explained in greater detail below, Cousins has failed to do so.

### B. Equitable Tolling

Cousins indicates that his § 2255 Motion should be deemed timely because "equitable considerations justify tolling." (ECF No. 56, at 11.) Cousins contends that,

> [T]he missed deadline in filing of the instant § 2255 petition can be directly attributed to the COVID-19 virus pandemic and continuous "lockdown" at the Federal Correctional Institution (FCI Beckley) where cousins is incarcerated. The extraordinary circumstances at FCI Beckley incessantly prevented Movant Cousins from having access to the Education Department, where the law

> library is located for an "extended" period of time. Approximately for a length of fourteen (14) months in which he had no access whatsoever to legal publications, law books, law periodicals. For all intents and purposes, Movant Cousins had absolutely nothing, whether it be forms, paper, typewriter, instruction manual- nothing!
> . . . . With all due respect to the Court and the Government, due to circumstances external to Movant's own conduct, "lockdown in a cell with absolutely no access whatsoever to sorely needed documents from various sources,"--it would unconscionable to enforce the limitation period against Movant Cousins and a gross injustice as a result. Movant Cousins readily acknowledges the fact that any resort to equity for those rare instances where--due to circumstances, COVID-19 virus caused the delay in filing.

(Id.)

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).

6

Cousins contends that he had no access to the law library or to legal materials for fourteen months because of the COVID-19 lockdown. However, as explained below, Cousins fails to demonstrate that this circumstance constitutes an extraordinary circumstance that prevented him from filing his § 2255 Motion in a timely manner. Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Fisher v. Johnson, 174 F.3d 710, 716 (5th Cir. 1999))). Instead, the record shows that Cousins's lack of diligence, not the circumstances of his incarceration, led to the delay in filing his § 2255 Motion.

First, Cousins lacks entitlement to equitable tolling, as he has failed to show that he exercised diligence in protecting his rights. See Holland, 560 U.S. at 649. Cousins fails to identify with the requisite specificity, what actions, if any, he took to pursue his claim in the days after his conviction became final. Cousin's conviction became final on August 16, 2019. Although Cousins does not indicate when the institution locked-down for COVID-19, Cousins clearly had from August of 2019 until March of

7

2020, when lockdowns began in this country, to research his claims and visit the law library. Cousins fails to address this time-period at all in his argument for timeliness, and the Court fails to discern how in six months' time, Cousins could not have discovered the facts behind his claims. Indeed, Cousins's claims derive from his guilty plea hearing that occurred on December 21, 2018. Thus, the facts behind Cousins's claims were available to him prior to his conviction become final. This six-month period of inaction alone forecloses Cousins's entitlement to equitable tolling. Yang, 525 F.3d at 930 (citation omitted); Roberts v. Watson, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing Pace, 544 U.S. at 419; Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001))); see Donald v. Pruitt, 853 F. App'x 230, 234 (10th Cir. 2021) (citations omitted) (requiring that inmate show "he was pursuing his rights diligently throughout the one-year window, including before COVID-19 restrictions went into place"). Simply put, an inmate acting diligently could have filed his § 2255 motion before any lockdown took place.

Second, Cousins fails to demonstrate the existence of an extraordinary circumstance that prevented him from timely filing his § 2255 Motion. Cousins ignores the fact that, "[t]ransfers between prison facilities, solitary confinement, lockdowns,

8

restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" that would warrant equitable tolling. Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (quoting Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Moreover, Cousins fails to adequately explain why lack of access to the library or to legal materials hindered his ability to bring his present claim sooner. Cousins fails to specify the legal materials that he required to complete his § 2255 Motion. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (holding that an inmate must "explain why the documents [in question] were necessary to pursue his federal claim" (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000))). Cousins also provides no specific details about how time in the library would have facilitated the timely filing of his Motion. See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (observing that there is no "abstract, freestanding right to a law library or legal assistance" (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996))). Thus, Cousins's allegations are too vague and lacking in factual detail to entitle him to equitable tolling. See San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); see United States v. Turner, No. 3:18CV158, 2021 WL 3934322, at *2-3 (E.D. Va. Sept. 2, 2021)

9

(explaining that inmate not entitled to equitable tolling based "solely on the closure of the law library in April 2020 due to COVID-19"); Howard v. United States, No. 4:20-CV-1632 JAR, 2021 WL 409841, at *3 (E.D. Mo. Feb. 5, 2021) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." (citations omitted)), cert. of appeal. denied, No. 21-1592, 2021 WL 4177744 (8th Cir. May 17, 2021).

In sum, Cousins has failed to carry his "strong burden to show specific facts" that demonstrate his entitlement to equitable tolling. Yang, 525 F.3d at 928 (citation omitted). "Simply put, [Cousins] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr., No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, Cousins's § 2255 Motion is barred by the statute of limitations and will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Cousins's § 2255 Motion (ECF No. 56) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Cousins and counsel for the Government.

It is so ORDERED.

                                                /s/ REP
                                   Robert E. Payne
                                   Senior United States District Judge

Richmond, Virginia
Date: December 6, 2022